The People of the State of New York, Appellant,
against
Jason T. Lysack, Respondent.




Orange County District Attorney (Nicholas D. Mangold of counsel), for appellant.
Larkin, Ingrassia and Tepermayster, LLP. (John Ingrassia of counsel), for respondent.

Appeal from an order of the Justice Court of the Village of Walden, Orange County (Raynard A. Ozman, J.), dated October 27, 2015. The order, insofar as appealed from, granted the branch of defendant's motion seeking to suppress postarrest statements to law enforcement officials and physical evidence obtained postarrest.




ORDERED that the order, insofar as appealed from, is reversed, on the law, and the matter is remitted to the Justice Court for a new determination of the branch of defendant's motion seeking to suppress postarrest statements to law enforcement officials and physical evidence obtained postarrest, in accordance with this decision and order.
Defendant was charged in separate simplified traffic informations with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), common law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while intoxicated (per se) under the age of twenty-one (Vehicle and Traffic Law § 1192-a), and backing a vehicle unsafely (Vehicle and Traffic Law § 1211 [a]), respectively. Defendant subsequently move to suppress evidence. Following a Dunaway/Huntley/Johnson hearing conducted on May 27, 2015, the Justice Court denied the branch of defendant's motion seeking to suppress his prearrest statements, but granted the branch [*2]of defendant's motion seeking to suppress defendant's postarrest statements to law enforcement officials and physical evidence obtained postarrest because, the court found, the People had not satisfied their burden of going forward to show there existed "a lawful basis to arrest the defendant for driving while intoxicated." The People appeal from so much of the order as granted the latter branch of defendant's motion.
At the hearing, the sole witness, New York State Trooper Kelly McVea, testified that, on May 25, 2014, she had been dispatched to the scene of an automobile accident in Hamptonburgh, NY There, defendant, who was standing outside of his vehicle, explained that he had driven onto a driveway and was backing out to make a U-turn when he had struck a parked vehicle. Defendant's eyes were watery and glassy, and an odor of alcohol emanated from his breath. After first denying that he had drunk alcohol, defendant admitted to having consumed one to two beers. 
The trooper's observations, coupled with defendant's answers to her investigatory questioning, provided the trooper with reasonable cause to arrest defendant for violating Vehicle and Traffic Law § 1192. Consequently, the Justice Court erroneously determined that defendant's arrest was unlawful due to a lack of reasonable cause (see e.g. People v Tieman, 112 AD3d 975, 976 [2013] ["The evidence at the hearing demonstrated that the defendant had glassy eyes, slurred speech, and the odor of alcohol on his breath, and had driven his vehicle erratically. This evidence established that the police had probable cause to arrest the defendant for a violation of Vehicle and Traffic Law § 1192"]; People v Maher, 52 Misc 3d 136[A], 2016 NY Slip Op 51043[U], *2 [App Term, 2d Dept, 9th and 10th Jud Dists 2016] ["The testimony as to the accident, defendant's physical appearance and demeanor, her admissions as to recent alcoholic beverage consumption, and the presence in her vehicle of a Pepsi bottle containing a liquid that smelled like an alcoholic beverage, established a proper basis for defendant's arrest, at the very least, for driving while impaired"]).
In holding that the Justice Court erroneously found defendant's arrest to be unlawful, this court takes no position as to whether there exist other grounds upon which postarrest evidence may be suppressible. 
Accordingly, the order, insofar as appealed from, is reversed and the matter is remitted to the Justice Court for a new determination of the branch of defendant's motion seeking to suppress postarrest statements to law enforcement officials and physical evidence obtained postarrest, in accordance with this decision and order.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019